UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANETTE P. VOORHIES | CIVIL ACTION |
| versus | NO. 06-5400 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | SECTION: E/3 |

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") motion for summary judgment. R.d. #16. Plaintiff Jeanette Voorhies ("Voohries") did not file an opposition to the motion. The motion was considered on the briefs without oral argument, and the court is now prepared to rule.

### BACKGROUND

Voohries owned a home in New Orleans that was severely damaged by Hurricane Katrina's winds and the subsequent flood.[1] The property was insured by a homeowner's policy issued by Liberty Mutual, as well as a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program, ("NFIP") for which Liberty Mutual is a WYO carrier. She filed claims pursuant to both insurance policies for the damages suffered as a result of the hurricane and flood. Dissatisfied with the settlements made under each policy, Voorhies filed suit in federal court. Her Complaint alleges that she submitted a

---

[1] See, generally, Voorhies' Complaint, r.d. #1.

timely claim and proof of loss under each policy, but that Liberty Mutual failed to pay what was owed to her.[2]

Liberty Mutual argues that summary judgment is proper in this case because Voorhies failed to support her current claim for further federal benefits under her SFIP by submitting a Proof of Loss within the allowed deadline. Accordingly, no further benefits are payable under her policy.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986). An issue is material if its resolution could affect the outcome of the action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999). However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond

---

[2]On March 15, 2007, an Order was entered at record document #15 dismissing with prejudice all state-law based tort and extra-contractual claims, leaving only the breach of contract claim.

the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations."  Id.

The terms and conditions of all federal flood insurance policies are fixed by FEMA.  "Policies must be issued in the form of a Standard Flood Insurance Policy and no provision can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator."  Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998), *citing* 44 C.F.R. §§ 61.4(b), 61.13(d).  Pursuant to Art. VII(J)(4) of the SFIP, a plaintiff must submit a Proof of Loss meeting the requirements of and providing the information required in that Article within 60 days of the loss. Id.; *and see* Ex. C, Memorandum in Support of Motion for Summary Judgment ("Memo in Support"), Affidavit of Kim Berger, Liberty Mutual's claims director for the SFIPs.  After Hurricanes Katrina and Rita, FEMA granted an extension of that period giving SFIP insureds one year, until August 29, 2006, to file a Proof of Loss.  Ex. A, Memo in Support.

According to Kim Berger's affidavit, Voorhies was paid $128,097.49 for Coverage A (building) and $52,500.00 for Coverage

B (contents) for her SFIP claim on February 23, 2006, and she has not filed a Proof of Loss, as required, for the additional payments she now seeks under her SFIP.  Ex. "C" *supra*. Although, at ¶15 of her Complaint, Voorhies alleges that she filed a timely claim and proof of loss with Liberty Mutual for her flood claim, she has not controverted Kim Berger's testimony that she did not file the required Proof of Loss for the payments she now seeks, over and above the amount she has already been paid.

The Court finds that there are no genuine issues of material fact, and Liberty Mutual is entitled to summary judgment as a matter of law.  This ruling renders Liberty Mutual's motion to Quash Jury Demand, r.d. #17, moot.

Accordingly,

**IT IS ORDERED** that Liberty Mutual's motion for summary judgment, record document #16, is **GRANTED;** and,

**IT IS FURTHER ORDERED** that Liberty Mutual's motion to Quash Jury Demand, r.d. #17, is **DISMISSED AS MOOT.**

New Orleans, Louisiana, April 25, 2007.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge

-4-